UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                  :

PINEBOARD HOLDINGS, INC.,                    :
                                                                  :              13-MC-43 (KMW)
                                       Plaintiff,         :            OPINION & ORDER

- against -

ELDEN ASSOCIATES, INC. and DENNIS
YOUNG,

                                     Defendants.
---------------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

       On February 5, 2013, Pineboard Holdings, Inc. ("Pineboard") subpoenaed attorney Paul Niehaus ("Niehaus") for deposition and document production in connection with litigation pending in the Central District of California. [Dkt. No. 1]. Niehaus had represented a third party, Paul Parmar ("Parmar"), who objected to the subpoena because Parmar claimed his communications with Niehaus were protected by the attorney-client privilege. After hearing testimony from Niehaus and Parmar, on March 4, 2013 this Court ruled that Parmar had waived any attorney-client privilege and granted Pineboard's motion to compel Niehaus's deposition. (*See* Tr. of March 4, 2013 Conference 2:10-2:14; 3:11-3:13). In a follow-up order on March 11, 2013, the Court held that any "privilege has been waived in its entirety," and expressly declined to consider "whether any communications between Niehaus and Parmar ever could have been considered protected by the attorney-client privilege." [Dkt. No. 18].

       Subsequent to the March 11 Order, Pineboard requested that the Court amend its judgment to hold that an attorney-client relationship never existed between Parmar and Niehaus. [Dkt. No. 20]. Pineboard also moved for sanctions against Parmar. [Dkt. No. 21]. The Court denies both motions.

1

### I. MOTION FOR RECONSIDERATION

The Local Rules for the Southern District of New York state that motions for reconsideration of a court order should identify "concisely the matters or controlling decision which counsel believes the Court has overlooked." S.D.N.Y. Local Civ. R. 6.3. "The major grounds justifying reconsideration are an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478, at 790). Pineboard contends that newly discovered evidence justifies revising the Court's order to find that an attorney-client relationship never existed between Niehaus and Parmar. Specifically, several emails Niehaus produced in response to the subpoena include statements from Parmar that he "never considered" Niehaus to be his attorney. [*See* Dkt. No. 20, at 2]. According to Pineboard, these emails establish that Niehaus and Parmar never had an attorney-client relationship.

The Court finds that these emails are insufficient to justify revising its prior order. First, the Court considered similar emails regarding the relationship between Parmar and Niehaus, and nonetheless declined to address whether an attorney-client relationship had been established. (*See* Tr. of Feb. 22, 2013 Telephone Conf. 13:22-24 ("Mr. Parmar, I need to have you reconcile, if you can, what you said on the record about Mr. Niehaus never having represented you and what you said early in this phonecall.")). Thus, although Pineboard may have found further statements from Parmar on this subject, the Court already considered and rejected similar evidence in its original ruling. Second, the Court finds the requested modification to be unnecessary "to correct a clear error or prevent manifest injustice." Accordingly, Pineboard's motion for reconsideration is denied.

## II.     MOTION FOR SANCTIONS

Pineboard also moves for monetary sanctions against Parmar pursuant to Rule 37 and the Court's inherent power.  First, "Rule 45(e) provides the only authority in the Federal Rules of Civil Procedure for imposition of sanctions against a nonparty for failure to comply with a subpoena."  *Contentinal Ins. Co. v. Atl. Cas. Ins. Co.*, No. 07 Civ. 3635, 2008 WL 3852046, at *2 (S.D.N.Y. Aug. 13, 2008) (Chin, J.); *see also* Fed. R. Civ. P. 45(e) (providing that failure to comply with a subpoena may result in contempt).  Because Parmar is not a party to this litigation, Rule 37 sanctions are not available.  Nor are sanctions warranted under the Court's inherent powers.  The decisions Pineboard cites in support of its motion involve *litigants* who file frivolous claims or appeals.  Parmar was not a litigant in the instant matter; rather, he responded to a subpoena served by Pineboard.  Moreover, as discussed above, the Court already addressed the inconsistencies between Parmar's email correspondence and his statements to the Court at a telephone conference.  (*See* Tr. of Feb. 22, 2013 Telephone Conf. 13:21-16:19).  The Court finds that Parmar's statements do not justify the imposition of sanctions through a mechanism reserved for litigants filing frivolous claims.[1]

---

[1] Although this Order does not impose sanctions, the Court notes that both parties have exhibited some disregard for deadlines in this case.  The federal rules provide that motions for reconsideration must be filed with twenty-eight days of the entry of judgment.  Fed. R. Civ. P. 59(e).  However, the local rules provide that motions for reconsideration must be filed within *fourteen* days after the entry of judgment.  S.D.N.Y. Local Civ. R. 6.3.  The Court received Pineboard's request for a pre-motion conference for its motion for reconsideration on April 8, 2013, exactly twenty-eight days after the Court entered its written Order finding that any privilege had been waived.  [Dkt. No. 20].  Although this was outside the time limits of Local Rule 6.3 and Pineboard had not made a formal motion, the Court nonetheless construed Pineboard's letter as a motion for reconsideration pursuant to Rule 59(e), and set deadlines for opposition and reply briefing.  Parmar's response was due on by April 19, 2013, but he did not respond until May 13, 2013—seventeen days after the Court's deadline and four days after Pineboard had alerted the Court that Parmar had failed to respond.  [*See* Dkt. No. 24].  Given this unreasonable and unexplained delay, the Court did not consider Parmar's opposition in its ruling.  The Court cautions the parties that further disregard for deadlines could subject them to sanctions.

### III. CONCLUSION

For the foregoing reasons, Pineboard's motion for reconsideration and for sanctions are DENIED.  This resolves docket entries 20 and 21.

SO ORDERED.

Dated: New York, New York
August 12, 2013

/s/_____
Kimba M. Wood
United States District Judge